UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED BRANDS AND MARKETING INTERNATIONAL S.ÀR.L,<br>　　　　　Plaintiff,<br><br>　　　v.<br><br>PROHASHING, LLC,<br>　　　　　Defendant. | Civil Action No. 2:25-CV-03046-GAW<br><br><br><br>JURY TRIAL DEMANDED |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, TO TRANSFER VENUE**

　　This forum is improper and inconvenient. Plaintiff nevertheless filed suit here. The Complaint should therefore be dismissed without prejudice under Fed. R. Civ. P. 12(b)(3) or, alternatively, transferred to the U.S. District Court for the Middle District of Pennsylvania under 28 U.S.C. §§ 1404(a), 1406(a), as cure for a defect or as *forum non conveniens*.

**STATEMENT OF RELEVANT FACTS**

　　Why did the Plaintiff sue in this judicial district? The Complaint doesn't identify any facts implicating the Eastern District of Pennsylvania. Plaintiff "is a company formed under the laws of Luxembourg with its principal place of business in Luxembourg," a European country. [Compl. ¶ 2]. Defendant "is a Pennsylvania limited liability company with its principal place of business at 3178 Carnegie Drive, State College, PA 16803." [Id. ¶ 3]. State College is within Centre County, Pennsylvania, which is the Middle District of Pennsylvania.

　　Plaintiff's allegations relate to digital assets, namely, "cryptocurrencies." [Compl. ¶¶ 7-40]. From a review of these allegations, no conduct is described which physically occurred in the Eastern District of Pennsylvania. [See id.].

　　The Defendant's Website Terms of Service in Exhibit A may be considered by the Court

1

as undisputedly authentic documents on which the Plaintiff's claims are based. <u>Pensions Benefit Guar. Corp. v. White Consol. Indus.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993). On Page 7 of Exhibit A, the Court will find a forum-selection clause, "The jurisdiction for all disputes over these terms is Centre County, in the Commonwealth of Pennsylvania, in the United States of America." [Ex. A at 7].

## **CERTIFICATION OF COMPLIANCE**

The Court's meet and confer requirements apply to a Rule 12(b)(6), (e) or (f) motion, not any 12(b)(3) or forum non conveniens motion. Nevertheless, on July 31, 2025, undersigned counsel held a phone call and conferred with Plaintiff Charles S. Scrimalli for the Plaintiff, and identified all grounds for objection to the Complaint. On August 7, 2025, undersigned counsel submitted a follow-up e-mail, reiterating our offer to have the case transferred to the Middle District of Pennsylvania. In both instances, undersigned counsel disclosed our request to transfer to the Middle District of Pennsylvania and the grounds supporting that request.

## **ARGUMENT**

**I.      Venue in this Judicial District is Improper.**

Defendant requests to dismiss under Fed. R. Civ. P. 12(b)(3) or, alternatively, for transfer to the U.S. District Court for the Middle District of Pennsylvania under 28 <u>U.S.C.</u> § 1406(a).

"Generally, when deciding a Rule 12(b)(3) motion to dismiss for improper venue, a court must accept as true the allegations in the complaint, although the parties may submit affidavits to support their positions. In a motion to dismiss for improper venue, the defendant bears the burden of showing that venue is improper." <u>Leone v. Cataldo</u>, 574 F. Supp. 2d 471, 483 (E.D. Pa. 2008) (citations omitted). In diversity cases, a venue is proper if brought in any of the following:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

2

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). However, "venue must be proper for each claim in a case with multiple claims." Lomanno v. Black, 285 F. Supp. 2d 637, 641 (E.D. Pa. 2003) (quotation omitted).

Here, Defendant resides in the Middle District of Pennsylvania and none of the parties reside in the Eastern District of Pennsylvania. The Complaint describes no conduct that occurred in this judicial district. Subsection (3) is not available because Plaintiff could have brought the suit in the U.S. District Court for the Middle District of Pennsylvania under Subsection (1).

Under Subsection (2), the court "will conduct a claim specific inquiry." Lomanno, 285 F. Supp. 2d at 642.

> Furthermore, even if some events that gave rise to a claim occurred in a district, events or omissions that might only have some tangential connection with the dispute in litigation are not enough. Specifically, the events must qualify as substantial under Section 1391(a)(2) for venue to be proper. To determination whether an act or omission giving rise to the claims is substantial, the court must look at the nature of the dispute.

Id. (quotations and internal citations deleted). In respect of torts or contract breaches, venue is improper "if injury is the only event occurring in that district." Id. (citation omitted). "It is appropriate when determining venue for a court to ascertain which of the defendant's acts or omissions gave rise to the claim, and of those acts or omissions, which of them took place in the Eastern District of Pennsylvania." Leone v. Cataldo, 574 F. Supp. 2d 471, 484 (E.D. Pa. 2008) (citing Daniel v. Am. Bd. of Emergency Med., 428 F.3d 408, 432 (2d Cir. 2005)). In essence, "a court should consider where the contract was negotiated, executed, and performed and where the breach occurred." Id. (citations omitted).

3

The Complaint does not identify any acts or omissions by the Defendants which occurred in the Eastern District of Pennsylvania. The Complaint identifies the Defendant's headquarters in State College, which is Centre County, Pennsylvania. That is located within the Middle District of Pennsylvania. All other substantial events—the actions and omissions by Defendants—occurred outside the Eastern District of Pennsylvania. That does not meet the threshold required under 28 U.S.C. § 1391(b)(2), as recognized in Lomanno. Relief is due.

**II.     The Court Should Enforce the Forum-Selection Clause in the Parties' Contract.**

The statute of 28 U.S.C. § 1404 only permits transfer to federal courts. Pope v. Atlantic C. L. R. Co., 345 U.S. 379, 384 (1953). Under that statute, if suit "is filed in the wrong district or division," then it 'shall be dismissed or transferred, in the interest of justice." Braspetro Oil Servs. v. Modec, Inc., 423 F. Supp. 2d 680, 682 (S.D. Tex. 2006).

Under 28 U.S.C. § 1404(a), a defendant seeking relief "on *forum non conveniens* grounds must show that the balance of the public and private factors tip decidedly in favor of trial in the foreign forum." Windt v. Qwest Communications Int'l, Inc., 529 F.3d 183, 192 (3d Cir. 2008) (citation and internal quotations deleted). "[T]here is no definitive formula or list of the factors to consider," but the court may consider the following:

> [P]laintiff's forum preference as manifested in the original choice; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records.

Jumara v. State Farm Ins., 55 F.3d 873, 879 (3d Cir. 1995) (internal citations deleted). Public interests include (1) "the enforceability of the judgment," (2) "practical considerations that could make the trial easy, expeditious, or inexpensive," (3) "the relative administrative difficulty in the two for a resulting from court congestion," (4) the local interest in deciding local controversies at home," (5) "the public policies of the fora," and (6) "the familiarity of the trial judge with the

applicable state law in diversity cases." Id. at 879-80.

Under 28 U.S.C. § 1404, "The analysis changes, however, 'when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum." Kilduff v. Jayco, Inc., 2023 U.S. Dist. LEXIS 81560, at *4-5 (E.D. Pa. May 10, 2023) (Atlantic Marine Constr. Co. v. U.S. Dist. Court, 571 U.S. 49, 63 (2013)). Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." Forster v. Chesapeake Ins., 933 F.2d 1207, 1219 (3d Cir. 1991). To overcome this presumption, objecting party "must make a strong showing that the clause is unreasonable by demonstrating: '(1) that it is the result of fraud or overreaching; (2) that enforcement would violate strong public policy of the forum; or (3) that enforcement would . . . result in jurisdiction so seriously inconvenient as to be unreasonable.'" Polytek Dev. Corp. v. Doc Johnson Enters., 532 F. Supp. 3d 243, 248 (E.D. Pa. 2021) (quoting Moneygram Payment Sys. V. Consorcio Oriental, S.A., 65 F. App'x 844, 846 (3d Cir. 2003)).

Here, Exhibit A contains the Website Terms of Service, which contains a forum-selection clause, "The jurisdiction for all disputes over these terms is Centre County, in the Commonwealth of Pennsylvania, in the United States of America." [Ex. A at 7]. Plaintiff admits that Defendant resides in Centre County, Pennsylvania, which is within the Middle District of Pennsylvania. [Compl. ¶ 3]. Plaintiff admits its contract with Defendant was "entered into in Pennsylvania." [Id. ¶ 4]. Based on the foregoing, the legal standard for forum non conveniens is met and the Court has an independent duty to enforce the forum-selection clause. This case should be transferred to the Middle District of Pennsylvania.

## **CONCLUSION**

**WHEREFORE**, based on the foregoing, the Complaint should be dismissed under Fed.

5

R. Civ. P. 12(b)(3) or transferred to the U.S. District Court for the Middle District of Pennsylvania under 28 U.S.C. §§ 1404(a), 1406(a); AND such other relief as the Court deems necessary, just, or appropriate.

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

Date: September 24, 2025        By:    */s/* Joel A. Ready,
                                       Joel A. Ready, Esquire
                                       PA Attorney I.D. 321966
                                       8500 Allentown Pike, STE 3
                                       Blandon, PA 19510
                                       joel@cornerstonelaw.us
                                       Phone: (610) 926-7875
                                       Fax: (484) 930-0054